## CIRCUIT COURT OF KING GEORGE COUNTY

Andrezej Nowacki

v.

Mount Rose Canning Co., Inc.

August 10, 1977

By JUDGE JOHN A. JAMISON

I have carefully studied the file in the above matter and have considered the memoranda of both counsel concerning the demurrer filed by the Defendant, the grounds for which are that there can be no enforcement of the agreement between the parties because it was not reduced to writing and signed by the party to be charged. Thus, it is said to be in violation of the Statute of Frauds. Careful consideration of the latter allegation is required.

It is Mr. Scott's position that there is in fact a memorandum or a note which memorializes the agreement, which itself was oral even though it was not to be performed within one year. Mr. Scott says that the affidavit prepared for the U.S. Immigration Service, signed by Mr. Rosenberg which sets forth reasons why Mr. Nowacki's visa should be granted, is such a memorandum as might be contemplated by the statute. The job description referred to as *"Job Offer"* (for alien employment) even though intended for the Department of Immigration, could also be considered such memorandum as would remove the matter from the Statute of Frauds.

Mr. Brown's position is that since the employment contract is for two years duration and the employment was terminated after seventeen months, it could not have been performed within one year and therefore violates the statute.

Although the situation is unique, I am surprised that the precise question has not been previously litigated and definitively decided by our Supreme Court. There is nothing wrong with the employment contract, even though for more than one year, not being itself in writing. It is entirely proper for it to have been an oral agreement, but to qualify under the Statute of Frauds some note or memorandum is required to be made and signed by Mr. Rosenberg. If this can be shown, then there is no need for any elaborate writing. An oral contract in certain cases can be sufficient if there is a writing which could qualify as a "memorandum" or a "note" of the occasion. The point is that such a memorandum or note need not itself constitute the contract so long as it establishes that certain terms are set forth upon which the Plaintiff can be said to rely in accepting employment. The memorandum need prove only that an agreement or an offer was made and that the other party relying thereupon to his detriment began to perform his part.

Mr. Rosenberg did sign an affidavit for the Immigration Service setting forth his reasons for his need for the Plaintiff's services and in addition signed a note or memorandum to the Immigration Service called a "Job Offer," which the Plaintiff obviously accepted by his selling his home in Canada and moving his family to Virginia where he certainly began his performance of such contract. Is it fatal to the requirement of the statute that the job offer was made to the Immigration Service? If to the Immigration Service, is not the Plaintiff here the true beneficiary of such memorandum signed by Mr. Rosenberg the party to be charged? I believe it is. Once the fact of a memorandum has been established. I do not believe that its failure to mention a specific salary or other detailed terms renders the Plaintiff's position hopeless. For once the memorandum is established, parol evidence is admissible to supply evidence of the terms of the oral agreement. Here we do not have a question of parol evidence being permitted to vary the terms of a written instrument, for at this point in the proceedings there is no written instrument.

While I believe that the demurrer should be overruled for the reason that there does appear to be a memorandum which would take the matter out of the Statute of Frauds,

I believe another point worthy of consideration is that the Statute of Frauds does not apply to an unwritten contract where there has been a material part performance of the same. In this situation, if it can be shown at trial that there was a two-year employment contract and the Plaintiff has performed under it for seventeen months, it would appear that there may have been such part performance as would remove the agreement from the requirement of the Statute of Frauds anyway if part performance is applicable to this type of contract. I am making no ruling on this point. I have mentioned this only in passing in case counsel might wish to consider further research if appropriate.

In view of the foregoing, I must overrule the Defendant's demurrer.